IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELANI C. DEER, | ) CIVIL NO. 11-00574 LEK-BMK |
|   Plaintiff, | ) |
| vs. | ) |
| LEAR SEIGLER, URS, EG&G, | ) |
|   Defendant. | ) |

**ORDER GRANTING DEFENDANT URS FEDERAL TECHNICAL SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT LEAR SEIGLER SERVICES, INC.**

Before the Court is Defendant URS Federal Technical Services, Inc.'s[1] ("URS") Motion to Dismiss Plaintiff's Complaint ("Motion"), filed on March 15, 2012.  Pro se plaintiff Melani C. Deer ("Plaintiff") failed to file a timely response to the Motion, which was originally set for hearing on July 2, 2012.  On June 15, 2012, URS filed a notice of Plaintiff's failure to respond.  On June 20, 2012, this Court issued an entering order noting Plaintiff's failure to respond to the Motion and vacating the hearing on the Motion ("June 20, 2012 EO").  The Court gave Plaintiff until June 27, 2012 to respond to the hearing being vacated.  Plaintiff failed to respond to the June 20, 2012 EO. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

---

[1] URS Federal Technical Services, Inc. notes that it has been erroneously sued as "URS EG&G[.]"  [Motion at 2.]

of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, URS's Motion is HEREBY GRANTED and Plaintiff's claims against URS are HEREBY DISMISSED WITH PREJUDICE.  In addition, Plaintiff's claims against Defendant Lear Seigler Services, Inc. ("Lear Seigler") are also DISMISSED WITH PREJUDICE.

## **BACKGROUND**

Plaintiff filed her Employment Discrimination Complaint ("Complaint") on September 21, 2011 against URS and Lear Seigler. The caption of the Complaint refers to "Lear Seigler, URS EG&G," and Plaintiff identifies the defendant's address as "Lear Seigler Services, URS[.]"  [Complaint at 1.]

Plaintiff submitted a Charge of Discrimination ("Charge") to the Equal Employment Opportunity Commission ("EEOC") and the Hawai`i Civil Rights Commission ("HCRC") on June 17, 2011.  It states that, on September 22, 2007, Lear Seigler hired Plaintiff to work at Wheeler Air Force Base. Plaintiff identified only Lear Seigler in the portion of the form marked "Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others."  [Id.,

Exh. at 3.[2]]  The Charge alleges that, during Plaintiff's employment, Lear Seigler subjected her to sexual harassment, as well as discrimination and retaliation based on her race, color, sex, religion, national origin, age, and disability.  Plaintiff states that, on December 26, 2007, she suffered an injury at work as a result of a prank, which she alleges was perpetrated against her for retaliatory purposes.  She was never able to return to work after the incident.  The Charge states the earliest date that the alleged discrimination took place was September 22, 2007 and the latest date was December 28, 2007.  Plaintiff did not check the box marked "CONTINUING ACTION".  [Id.]

      The EEOC issued its Dismissal and Notice of Rights ("Right to Sue Letter") on June 29, 2011.  The Right to Sue Letter stated that the EEOC was closing its case file because Plaintiff did not file the Charge in a timely manner after the alleged discrimination.  The Right to Sue Letter also stated that Plaintiff could file a lawsuit against the respondent within ninety days of receipt of the letter.  [Id., Exh. at 1.]

      Plaintiff filed a Return of Service on February 23, 2012.  It stated that a process server completed service on "URS Federal Technical Services, Inc., . . . thru (sic) agent

---

    [2] Plaintiff attached four one-page documents to her Complaint as a single, unnumbered exhibit.  The exhibit is not consecutively paginated.  The page numbers in this Court's citation to the exhibit refer to the page number for the exhibit in the district court's electronic filing system.

Margie Kaikaka at The Corporation Company, Inc. . . . ." [Dkt. no. 13.] The instant Motion followed.[3]

URS argues that this Court should dismiss Plaintiff's Complaint with prejudice because Plaintiff failed to exhaust her administrative remedies, as required under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  URS argues that Plaintiff did not file a timely discrimination charge with any administrative agency, and Plaintiff did not file the Charge against URS or any other URS entity.  Further, insofar as Plaintiff's Complaint attempts to assert state tort claims arising from the allegedly discriminatory conduct, the tort claims are both barred by the applicable statute of limitations and preempted by Hawaii's workers' compensation statutes.

## DISCUSSION

### I. Discrimination Claims

At the outset, the Court notes that it will liberally construe Plaintiff's pleadings because she is proceeding pro se. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally

---

[3] URS emphasizes that, by bringing the instant Motion, it does not waive any applicable defenses, including improper service.  [Mem. in Supp. of Motion at 3.]

4

construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).  Thus, although Plaintiff's Complaint uses a form stating, *inter alia*, "[t]his action is brought pursuant to Title VII[,]" [Complaint at 2,] the Court liberally construes Plaintiff's Complaint as also asserting discrimination claims under the ADEA and the ADA [id. at 3 (alleging that Plaintiff suffered discrimination on the basis of her race or color, sex, and age)].

Title VII, the ADEA, and the ADA each requires a claimant to exhaust her administrative remedies prior to filing a civil action against the employer that allegedly discriminated against her.  42 U.S.C. § 2000e-5; 29 U.S.C. § 626; 42 U.S.C. § 12117(a) (noting that the procedures set forth in, *inter alia*, § 2000e-5 apply to the ADA).

### A. Named Defendants

As previously noted, the Charge identifies "Lear Seigler Services, Inc." as Plaintiff's employer and the sole respondent.  [Complaint, Exh. at 3.]  "Generally, Title VII claimants 'may only sue [parties] named in the EEOC charge because only those [parties] named had an opportunity to respond to the charges during the administrative proceedings.'"[4]  Nowick

---

[4] The same analysis applies to Plaintiff's ADA claim.  See Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000)
(continued...)

v. Gammell, 351 F. Supp. 2d 1025, 1036 (D. Hawai`i 2004) (alterations in Nowick) (quoting Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990)).  There are, however, several exceptions to this general rule:

> First, Title VII claims may be brought in a lawsuit against persons not named in an EEOC complaint "as long as they were involved in the acts giving rise to the EEOC claims." Wrighten v. Metro. Hosp., Inc., 726 F.2d 1346, 1352 (9th Cir. 1984); Chung [v. Pomona Valley Cmty. Hosp.], 667 F.2d 788, 792 (9th Cir. 1982). . . .
>
> Second, a Title VII claimant may also sue an unnamed party if "facts in the EEOC charge are alleged from which it could be inferred that the unnamed party violated Title VII." Wangler v. Haw. Elec. Co., 742 F. Supp. 1458, 1462 (D. Hawai`i 1990) (citing Bernstein v. Aetna Life & Casualty, 843 F.2d 359, 362 (9th Cir. 1988)); Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666 (9th Cir. 1980). . . .
>
> Third, "if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' suit may proceed against the unnamed

---

[4](...continued)
("the ADA adopts the procedural requirements of Title VII"), *overruled on other grounds by* Socop-Gonzalez v. Immigration & Naturalization Serv., 272 F.3d 1176 (9th Cir. 2001) (en banc). The Ninth Circuit has recognized that, although "[t]he ADEA shares many of the substantive provisions of Title VII, . . . its remedial and procedural provisions were originally modeled after the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, not Title VII." Duffield v. Robertson Stephens & Co., 144 F.3d 1182, 1195 (9th Cir. 1998) (citations omitted), *overruled on other grounds by* EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742 (9th Cir. 2003) (en banc). The rule that a plaintiff may only sue defendants identified in the administrative charge, however, stems from the ADEA's exhaustion requirement, which the ADEA shares with Title VII. The Court therefore concludes that the rule also applies to Plaintiff's ADEA claims.

> party." <u>Sosa</u>, 920 F.2d at 1460 (quoting 2 A. Larson, Employment Discrimination § 49.11(c)(2)). . . .
>
> Fourth, "if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, the suit may proceed against the unnamed party." <u>Id.</u> (citing 2 A. Larson at § 49.11(c)(2)). . . .
>
> Fifth, "where the EEOC or the [previously unnamed] defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." <u>Sosa</u>, 920 F.2d at 1459 (quoting <u>Chung v. Pomona Valley Community Hosp.</u>, 667 F.2d 788, 792 (9th Cir. 1982)). . . .

<u>Id.</u> at 1036-37 (some alterations in <u>Nowick</u>).

Based on the factual allegations in the Complaint, including the Charge attached to the Complaint, this Court finds that none of the exceptions apply, and therefore URS did not have the opportunity to respond to the Charge. Insofar as Plaintiff failed to name URS in the Charge, Plaintiff has not exhausted her administrative remedies as to URS. The Court therefore CONCLUDES that Plaintiff has not stated a plausible claim for relief under Title VII, the ADEA, or the ADA. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (holding that a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face").

In addition, although URS did not assert this point in the Motion, the Court notes that Plaintiff's Complaint does not

assert a direct or indirect employment relationship with URS. Her Complaint does not allege any facts addressing "the primary factor in determining whether an employment relationship exists – 'the extent of [URS's] right to control the means and manner of [Plaintiff's] performance." See Nowick, 351 F. Supp. 2d at 1037 (some citations omitted) (quoting Adcock v. Chrysler Corp., 166 F.3d 1290, 1293 (9th Cir. 1999)).

### B.  **Timeliness of the Charge**

URS also argues that the Court must dismiss Plaintiff's Complaint because Plaintiff's Charge was untimely. "Title VII and the ADEA both require that an aggrieved party file a charge with the EEOC within 300 days of the allegedly unlawful practice to preserve a claim for a subsequent civil suit." Kagawa v. First Hawaiian Bank/Bancwest Corp., 819 F. Supp. 2d 1125, 1130 (D. Hawai`i 2011) (citing 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA)). Further, as previously noted, the ADA follows the procedural requirements of Title VII. Santa Maria, 202 F.3d at 1176. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted).

Plaintiff filed her Charge with the EEOC and the HCRC on June 17, 2011.  Thus, the statutes of limitations bar any Title VII, ADEA, or ADA claims that arose more than 300 days prior to June 17, 2011, unless equitable tolling applies.[5]  The Charge alleges that Plaintiff has been unable to work ever since she suffered an injury due to a retaliatory prank at work.  Although she "was pressured to go back to work," she was unable to do so.  [Complaint, Exh. at 3.]  According to the Charge, the injury occurred on December 26, 2007, and the latest date that the discrimination took place was December 28, 2007.  [Id.]  Thus, the discrimination alleged in the Charge occurred more than 300 days before Plaintiff filed the Charge.  Plaintiff has not presented any factual allegations that would support a finding that equitable tolling applies.  See Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997) ("Equitable tolling is . . . however, to be applied only sparingly, and [c]ourts have been generally unforgiving . . . when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights[.]" (some alterations in Nelmida) (quotation marks and some citations omitted) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990))).

---

[5] Waiver and estoppel do not apply because URS raised the statute of limitations defense in a timely manner.

The Court therefore CONCLUDES that Plaintiff has failed to plead plausible claims under Title VII, ADEA, and the ADA because Plaintiff's Title VII claims, ADEA claims, and ADA claims are barred by the applicable statutes of limitations. See Twombly, 550 U.S. at 570.

The Court must grant Plaintiff leave to amend the Complaint if it is possible for Plaintiff to cure the defects in her claims by amendment. See Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (citations and internal quotation marks omitted)). As previously noted, Plaintiff failed to respond to the Motion. In light of the fact that she has essentially abandoned this case, Plaintiff has not identified any additional facts that she could allege in an amended complaint which would cure the defects in her discrimination claims against URS. URS's Motion is therefore GRANTED and Plaintiff's Title VII, ADEA, and ADA claims against URS are DISMISSED WITH PREJUDICE.

Further, the timeliness analysis also applies to Plaintiff's claims against Lear Seigler. The Court therefore *sua sponte* DISMISSES Plaintiff's Title VII, ADEA, and ADA claims against Lear Seigler WITH PREJUDICE.

II. **Tort Claims Arising from the Alleged Discrimination**

In the Motion, URS argues that, if the Complaint seeks

recovery for tort claims outside of her Title VII claims, this Court should dismiss those claims because: 1) they are barred by the applicable statute of limitations; and 2) the Hawai`i statues governing workers' compensation benefits preempt such claims.  As this Court previously stated, it must liberally construe Plaintiff's pleadings.  See Eldridge, 832 F.2d at 1137.  Even under a liberal construction, however, this Court does not read Plaintiff's Complaint as asserting any tort claim arising from the allegedly discriminatory acts set forth in the Complaint.  The Court therefore declines to address URS's argument regarding the statute of limitations and preemption of tort claims arising from the allegedly discriminatory acts.

## **CONCLUSION**

On the basis of the foregoing, URS's Motion to Dismiss Plaintiff's Complaint, filed March 15, 2012, is HEREBY GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  The Court DIRECTS the Clerk's Office to enter judgment and close the case.

IT IS SO ORDERED.

//
//
//
//
//
//
//

DATED AT HONOLULU, HAWAII, July 25, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MELANIE C. DEER V. LEAR SEIGLER SERVICE, URS; CIVIL NO. 11-00574 LEK-BMK; ORDER GRANTING DEFENDANT URS FEDERAL TECHNICAL SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT LEAR SEIGLER, IN.**