IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MELANI C. DEER | ) | CV. NO. 11-00574 LEK-BMK |
|---|---|---|
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES |
| vs. | ) | |
| LEAR SEIGLER SERVICES, URS | ) | |
| Defendant. | ) | |

FINDINGS AND RECOMMENDATION DENYING
DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Before the Court is Defendant Lear Seigler Services, URS's Motion for Attorneys' Fees (Doc. # 27.) After careful consideration of the motion and attached documentation, the Court FINDS and RECOMMENDS that the motion be DENIED.[1]

The background of this case is summarized in the Court's Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint And Dismissing Plaintiff's Claims Against Defendant Lear Seigler Services, Inc. (Doc. # 24.) Therein, the Court dismissed Plaintiff's employment discrimination claims with

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

prejudice, and entered judgment in Defendant's favor.  (Id. at 11; Doc. # 25.) Defendant then filed the instant motion for attorneys' fees, and Plaintiff has not filed an objection.

Based on the judgment, Defendant is the prevailing party in the case. However, parties must generally pay their own attorneys' fees in the absence of legislation providing otherwise.  Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 415 (1978).  Defendant's motion does not specify a statutory basis for attorneys' fees.  (Doc. # 27.) Defendant's proposed order asserts that the Court should award fees under its inherent authority and because "all of Plaintiff's claims were frivolous, unreasonable, and groundless."  Although not asserted, Courts also have the power to award attorneys' fees in a Title VII case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Christiansburg Garment Co., 434 U.S. at 421.

The Court denies Defendant's motion for attorneys' fees, because Defendant has not demonstrated a proper basis for the award.  When determining whether a case is frivolous under Title VII for the purpose of awarding attorneys' fees, the Ninth Circuit has held that "Christiansburg should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her

claims." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987). The Ninth Circuit recognized that "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." Id. "For example, attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant." Id.

In this case, Defendant has not shown that Plaintiff knew her claims were frivolous, or that Plaintiff somehow brought her claims in bad faith. This is especially true in light of Plaintiff's pro se status. Defendant's claim for fees under the Court's inherent authority fails for the same reason. See Erum v. County of Kauai, Civ. No. 08-00113 SOM-BMK, 2008 WL 2051543, at *1 (D. Haw. May 14, 2008) ("Courts have the inherent power to sanction parties in the amount of the opposing party's attorney's fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . or has taken actions in the litigation for an improper purpose.'") (quoting Fink v. Gomez, 239 F.3d 989, 992 (9th Cir.2001)). Therefore, the Court FINDS and RECOMMENDS that Defendant's motion for attorneys' fees be DENIED.

DATED: Honolulu, Hawaii, October 22, 2012.

IT IS SO FOUND AND RECOMMENDED.



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Deer v. Lear Seigler Services, URS, Civ. No. 11-00574 LEK-BMK, FINDINGS AND RECOMMENDATION DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES